UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JESUS SALGADO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:17-CV-00121-JRG-CLC |
| v. | ) | |
| | ) | |
| TRACY JOHNS, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

Presently before the Court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. 1] filed pro se by Jesus Salgado ("Petitioner"). The record indicates that Petitioner has paid the $5.00 filing fee. *See* 28 U.S.C. § 1914(a).

Pursuant to 28 U.S.C. § 2243, a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." A review of the application in this case reveals that it should be dismissed *sua sponte* based on this Court's lack of jurisdiction over Petitioner's custodian. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer).

Petitioner indicates that he is confined at CI D. Ray James in Folkston, Georgia, serving a sentence imposed on October 20, 2011, by the United States District Court for the Eastern District of Tennessee for his conviction of conspiracy to distribute and possession with intent to distribute 500 grams or more of cocaine [Doc. 1 at 1].

The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242. "The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent to a given prisoner's habeas petition. This custodian, moreover, is 'the person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). Thus, an application for a writ of habeas corpus must be filed in the district court that has jurisdiction over a prisoner's place of confinement. *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003).

Here, Petitioner, who is incarcerated in a federal institution in Georgia, is not detained within this district and, therefore, this Court lacks jurisdiction over his custodian. *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")

"District courts have a 'duty to screen out [habeas petitions] which should be dismissed for lack of merit on [their] face.'" *Shah v. Quintana*, No. 17–5053, 2017 WL 7000265, *2 (6th Cir. July 17, 2017) (quoting *Allen*, 424 F.2d at 141). Here, it appears from the face of the petition that Petitioner is not entitled to a writ of habeas corpus from this Court, which lacks jurisdiction over the custodian of his place of confinement in Georgia. As a result, Petitioner's application for a writ of habeas corpus under § 2241 will be **DISMISSED without prejudice**.

The Court also must consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c)(1), a petitioner may appeal a final order in a § 2254 case only if she is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. §

2253(c)(2). Here, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right as jurists of reason would not debate the Court's finding that it lacks jurisdiction over Petitioner's custodian. Accordingly, a COA **SHALL NOT ISSUE**.

**AN APPROPRIATE ORDER WILL ENTER**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE